NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0267n.06

No. 25-3751

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jun 17, 2026

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
|  | ) | |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE |
|  | ) | NORTHERN DISTRICT OF |
| DAVION J. SHEPHERD, | ) | OHIO |
| Defendant-Appellant. | ) | |
|  | ) | |
|  | ) | OPINION |
|  | ) | |

Before: KETHLEDGE, NALBANDIAN, and HERMANDORFER, Circuit Judges.

KETHLEDGE, Circuit Judge. Davion Shepherd pled guilty to federal drug charges, and the district court sentenced him to 167 months in prison. On appeal, Shepherd argues that his sentence is unreasonable. We reject his arguments and affirm.

I.

In 2023, Davion Shepherd repeatedly sold drugs to a confidential informant. Law-enforcement officers obtained a warrant to search Shepherd's apartment and car, where they found fentanyl, a fentanyl analogue, methamphetamine, crack cocaine, and drug paraphernalia. A federal grand jury then indicted Shepherd on four counts of possession with intent to distribute a controlled substance and one count of conspiracy to distribute and possess with intent to distribute a controlled substance. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C); § 846. Shepherd pled guilty to the conspiracy and three counts of possession.

Before sentencing, the probation department prepared a presentence investigation report. The PSR stated that Shepherd had possessed or sold 644.87 grams of a fentanyl analogue, 36.87 grams of methamphetamine, and 5.92 grams of crack cocaine. Notably, the PSR listed a quantity for the fentanyl analogue that differed from the quantity in the written plea agreement. (In his plea agreement, Shepherd acknowledged that he had possessed 462.15 grams of a fentanyl analogue, 178.19 grams of fentanyl, and a 4.53-gram mixture of the two.) The probation department, applying the conversion ratios set forth in the sentencing guidelines, calculated that Shepherd was responsible for a converted drug weight of 6,543 kilograms, and ultimately recommended a sentencing range of 151 to 188 months in prison.

At sentencing, the district court confirmed that Shepherd had reviewed the PSR with his attorney and had no objections to it. The court then allowed the parties to speak. Shepherd's attorney identified Shepherd's children as a mitigating factor, stating that Shepherd had "a 10-year-old son that is struggling" without him, and that Shepherd "now realizes that he wants to be there for that child, to make sure that [] child doesn't go down the path that he's gone down." R. 46, PageID 312–13. During his colloquy, Shepherd said, "I want to be a more responsible person. This situation affected my family, kids, because I need to be there for my kids so I can keep them on the right path[.]" *Id.* at 314–15. In response, the prosecutor cast doubt on Shepherd's sincerity, pointing out that he owed $5,108 in child support, despite having "more money in his house than he needed" to cover that obligation. *Id.* at 316–17.

The court then summarized the PSR and adopted its calculations, without objection from the parties. The court also reviewed Shepherd's criminal history, including his prior convictions for drug abuse, drug possession, attempted domestic violence, attempted felonious assault, and illegal possession of weapons.

The court then considered the § 3553(a) factors, explaining that dealing fentanyl is a serious offense. The court was also "frustrate[d]" by Shepherd's disregard for his children, asking, "did you ever think, if I get caught, what happens to my kids?" *Id.* at 332. The court told Shepherd that the money he had hidden away "should go to your kids, not be stashed in your house as drug proceeds." *Id.* at 334. The court then imposed a within-guidelines sentence of 167 months in prison. This appeal followed.

## II.

Shepherd challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence is substantively unreasonable when the district court puts "too much weight" on some § 3553(a) factors and "too little on others." *Id.* Shepherd received a within-guidelines sentence, so we presume that his sentence is reasonable. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Shepherd emphasizes that his sentence is 26 months longer than the national average for similar offenders. *See generally* 18 U.S.C. § 3553(a)(6). By properly calculating Shepherd's guidelines range, however, the court "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *United States v. Hills*, 27 F.4th 1155, 1201 (6th Cir. 2022) (quotation omitted). And the court otherwise described in detail the particular facts relevant to Shepherd's sentence. That his sentence exceeded the national average does not make it unreasonable. *See United States v. Hymes*, 19 F.4th 928, 937 (6th Cir. 2021).

Nor, suffice it to say, has Shepherd otherwise come close to showing that his within-guidelines sentence is substantively unreasonable. Shepherd's remaining arguments instead "boil[] down to an assertion that the district court should have balanced the § 3553(a) factors

differently," which is "beyond the scope of our appellate review." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citation omitted).

Shepherd also challenges the procedural reasonableness of his sentence. But Shepherd in the district court made none of the arguments that he raises here, so we review only for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Under plain-error review, Shepherd must show "obvious or clear" error that affected his "substantial rights" and "the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (quotation omitted).

Shepherd argues the court should not have considered his overdue child-support payments at sentencing. But a sentencing court may consider almost any information about a defendant's history and characteristics, including family circumstances. *See Pepper v. United States*, 562 U.S. 476, 488 (2011); *United States v. Lapsins*, 570 F.3d 758, 773–74 (6th Cir. 2009). And Shepherd put his relationship with his children at issue by offering it as a mitigating factor. So we reject this argument.

Shepherd also argues that the district court miscalculated the amount of drugs he possessed. Indeed, the court did so, because the PSR did so; on those points the parties agree. But that mistake had no effect on Shepherd's guidelines range. And Shepherd has not shown that this mistake affected his substantial rights. We therefore reject this argument too.

The district court's judgment is affirmed.